UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MATTHEW BELARDINELLI, NORMAN
DYMBORT, AMY BERWALD GASPARI,
JEANINE FENTON, ARTHUR KRAKOWSKI,
LESLIE LINSNER, CHARESE MCNEILL, and
STEVEN SPECTOR,

                    Plaintiffs,

                  - against -

CONCEPTS IN STAFFING, INC., ARTHUR
ABRAMS, and MONA ABRAMS,

                    Defendants.

------------------------------------------------------------------- x

Case No.: 15-cv-4935 (KBF)

**ANSWER TO
DEFENDANTS'
COUNTERCLAIMS**

Plaintiffs, by and through their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their answer to the Answer and Counterclaims (the "Counterclaims") of Concepts in Staffing, Inc., Arthur Abrams, and Mona Abrams (collectively, "Defendants") dated July 28, 2015, allege as follows:

### AS TO DEFENDANTS' FIRST COUNTERCLAIM

1. Plaintiffs deny the allegations set forth in Paragraph 231 of the Counterclaims.

2. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Counterclaims.

3. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Counterclaims.

4. Plaintiffs deny the allegations set forth in Paragraph 234 of the Counterclaims.

5. Plaintiffs deny the allegations set forth in Paragraph 235 of the Counterclaims.

6. Plaintiffs deny the allegations set forth in Paragraph 236 of the Counterclaims.

7. Plaintiffs deny the allegations set forth in Paragraph 237 of the Counterclaims.

8. Plaintiffs deny the allegations set forth in Paragraph 238 of the Counterclaims.

9. Plaintiffs deny the allegations set forth in Paragraph 239 of the Counterclaims.

10. Plaintiffs deny the allegations set forth in Paragraph 240 of the Counterclaims.

11. Plaintiffs deny the allegations set forth in Paragraph 241 of the Counterclaims.

### AS TO DEFENDANTS' SECOND COUNTERCLAIM

12. Plaintiffs deny the allegations set forth in Paragraph 242 of the Counterclaims.

13. Plaintiffs deny the allegations set forth in Paragraph 243 of the Counterclaims.

14. Plaintiffs deny the allegations set forth in Paragraph 244 of the Counterclaims.

15. Plaintiffs deny the allegations set forth in Paragraph 245 of the Counterclaims.

### AS TO DEFENDANTS' THIRD COUNTERCLAIM

16. Plaintiffs deny the allegations set forth in Paragraph 246 of the Counterclaims.

17. Plaintiffs deny the allegations set forth in Paragraph 247 of the Counterclaims.

18. Plaintiffs deny the allegations set forth in Paragraph 248 of the Counterclaims.

19. Plaintiffs deny the allegations set forth in Paragraph 249 of the Counterclaims.

20. Plaintiffs deny the allegations set forth in Paragraph 250 of the Counterclaims.

### PLAINTIFFS' AFFIMRATIVE DEFENSES TO THE COUNTERCLAIMS

1. Defendants' Counterclaims fail, in whole or in part, to state a valid cause of action.

2. Defendants' Counterclaims are barred, in whole or in part, by Defendants' own consent and waiver, and abandonment and relinquishment, of any rights to receive revenue or enjoy any alleged asset that forms the basis for Defendants' Counterclaims.

3. Defendants' Counterclaims are barred, in whole or in part, by the doctrine of set-off.

4. Defendants' Counterclaims are barred, in whole or in part, by their failure to perform and their own breach of contract.

5. Defendants' Counterclaims are estopped and barred, in whole or in part, by their own unlawful or wrongful acts or omissions.

6. Defendants' Counterclaims are barred, in whole or in part, by Plaintiffs' equal or superior right to any revenue or assets that forms the basis for the Defendants' Counterclaims.

7. Defendants' Counterclaims are barred, in whole or in part, because Plaintiffs did not commit any act or omission unfairly or with malice or any intent to harm Defendants.

8. Defendants' Counterclaims have been asserted solely to retaliate against and harass Plaintiffs in order to impede Plaintiff in pursuing their unpaid wage claims.

9. Defendants' Counterclaims are barred, in whole or in part, by one or more Defendant's lack of standing to assert the Counterclaims.

10. Defendants' Counterclaims are barred, in whole or in part, because Defendants have suffered no damage, injury, or harm as a result of Plaintiffs' acts and omissions.

11. If and to the extent Defendants have somehow been damaged by Plaintiffs' acts or omissions, Defendants' Counterclaims are barred, in whole or in part, by Defendants' failure to mitigate their damages.

**WHEREFORE,** with respect to Defendants' Counterclaims, Plaintiffs respectfully request that:

(a) The Counterclaims be dismissed in their entirety, with prejudice;

(b) Judgment be entered in Plaintiffs' favor;

(c) Plaintiffs be awarded their attorneys' fees and costs of the suit herein; and

(d) Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 21, 2015

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP

By: _____
Joel A. Klarreich
Jason B. Klimpl
900 Third Avenue
New York, New York 10022
(212) 508-6700 (phone)
(212) 371-1084 (fax)
*Attorneys for Plaintiffs*

To: Bernard H. Vogel, Esq.
Vogel & Associates, P.C.
500 North Broadway, Suite 140
Jericho, New York 11753
(516) 877-7300
*Attorneys for Defendants*