UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MATTHEW BELARDINELLI, NORMAN DYMBORT,
AMY BERWALD GASPARI, JEANINE FENTON,
ARTHUR KRAKOWSKI, LESLIE LINSNER,
CHARESE MCNEILL, and STEVEN SPECTOR,

                              Plaintiffs,

    -against-


CONCEPTS IN STAFFING, INC., ARTHUR ABRAMS,
and MONA ABRAMS,

                              Defendants.
-----------------------------------------------------------------------X

Case No. 1:15-cv-04935

ANSWER TO
AMENDED COMPLAINT

      Defendants by their attorney, Vogel & Associates, P.C. answers the Amended Complaint and respectfully allege as follows:

1.  Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint to the extent of Plaintiffs claim for the relief specified therein.

2.  Paragraph 2 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 2 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

3.  Paragraph 3 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 3 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

4.  Paragraph 4 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 4 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

5.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 13 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

14. Paragraph 14 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 14 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

15. Paragraph 15 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 15 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

16. Defendants admit the allegations contained in Paragraphs 16 and 17 of the Amended Complaint.

17. Paragraph 18 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 18 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

18. Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint but deny that Arthur Abrams is the President of Concept in Staffing, Inc.

19. Defendants admit that Arthur Abrams had the power to hire and fire but otherwise deny the allegations contained in Paragraph 20 of the Amended Complaint.

20. Paragraph 21 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 21 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

21. Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

23. Paragraph 24 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 24 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

24. Paragraph 25 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 25 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

25. Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

26. Defendants admit the allegations contained in Paragraphs 27 and 28 of the Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

28. Defendants admit the allegations contained in Paragraph 30 of the Amended Complaint.

29. Paragraph 31 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 31 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

30. Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

39. Paragraph 41 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 41 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

40. Paragraph 42 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 42 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

41. Paragraph 43 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 43 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

42. Paragraph 44 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 44 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

43. Paragraph 45 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 45 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

44. Paragraph 46 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 46 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

45. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

46. Defendants deny the allegations contained in paragraph 48 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

48. Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

49. Paragraph 51 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 51 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

50. Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

51. Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

52. Paragraph 54 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 54 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

53. Paragraph 55 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 55 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

54. Paragraph 56 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 56 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

55. Paragraph 57 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 57 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

56. Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

57. Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

58. Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

59. Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

60. Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

61. Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

62. Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

63. Defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

64. Paragraph 66 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 66 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

65. Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

66. Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

67. Paragraph 69 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 69 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

68. Paragraph 70 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 70 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

69. Defendants deny the allegations contained in paragraph 71 of the Amended Complaint.

70. Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

71. Defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

72. Defendants deny the allegations contained in paragraph 74 of the Amended Complaint.

73. Defendants deny the allegations contained in paragraph 75 of the Amended Complaint.

74. Defendants deny the allegations contained in paragraph 76 of the Amended Complaint.

75. Defendants deny the allegations contained in paragraph 77 of the Amended Complaint.

76. Paragraph 78 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 78 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

77. Defendants deny the allegations contained in paragraph 79 of the Amended Complaint.

78. Defendants deny the allegations contained in paragraph 80 of the Amended Complaint.

79. Paragraph 81 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 81 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

80. Paragraph 82 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 82 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

81. Paragraph 83 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 83 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

82. Paragraph 84 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 84 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

83. Defendants deny the allegations contained in paragraph 85 of the Amended Complaint.

84. Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

85. Defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

86. Defendants deny the allegations contained in paragraph 88 of the Amended Complaint.

87. Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

88. Defendants deny the allegations contained in paragraph 90 of the Amended Complaint.

89. Defendants deny the allegations contained in paragraph 91 of the Amended Complaint.

90. Paragraph 92 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 92 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

91. Defendants deny the allegations contained in paragraph 93 of the Amended Complaint.

92. Defendants deny the allegations contained in paragraph 94 of the Amended Complaint.

93. Paragraph 95 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 95 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

94. Paragraph 96 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 96 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

95. Defendants deny the allegations contained in paragraph 97 of the Amended Complaint.

96. Defendants deny the allegations contained in paragraph 98 of the Amended Complaint.

97. Defendants deny the allegations contained in paragraph 99 of the Amended Complaint.

98. Defendants deny the allegations contained in paragraph 100 of the Amended Complaint.

99. Defendants deny the allegations contained in paragraph 101 of the Amended Complaint.

100. Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

101. Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

102. Defendants deny the allegations contained in paragraph 104 of the Amended Complaint.

103. Paragraph 105 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 105 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

104. Defendants deny the allegations contained in paragraph 106 of the Amended Complaint.

105. Defendants deny the allegations contained in paragraph 107 of the Amended Complaint.

106. Paragraph 108 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 108 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

107.    Paragraph 109 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 109 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

108.    Paragraph 110 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 110 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

109.    Paragraph 111 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 111 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

110.    Defendants deny the allegations contained in paragraph 112 of the Amended Complaint.

111.    Defendants deny the allegations contained in paragraph 113 of the Amended Complaint.

112.    Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

113.    Defendants deny the allegations contained in paragraph 115 of the Amended Complaint.

114.    Defendants deny the allegations contained in paragraph 116 of the Amended Complaint.

115.    Defendants deny the allegations contained in paragraph 117 of the Amended Complaint.

116.    Defendants deny the allegations contained in paragraph 118 of the Amended Complaint.

117.    Paragraph 119 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 119 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

118.    Defendants deny the allegations contained in paragraph 120 of the Amended Complaint.

119.    Defendants deny the allegations contained in paragraph 121 of the Amended Complaint.

120.     Paragraph 122 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 122 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

121.     Paragraph 123 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 123 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

122.     Paragraph 124 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 124 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

123.     Paragraph 125 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 125 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

124.     Defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

125.     Defendants deny the allegations contained in paragraph 127 of the Amended Complaint.

126.     Defendants deny the allegations contained in paragraph 128 of the Amended Complaint.

127.     Defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

128.     Defendants deny the allegations contained in paragraph 130 of the Amended Complaint.

129.     Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

130.     Defendants deny the allegations contained in paragraph 132 of the Amended Complaint.

131.     Paragraph 133 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 133 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

132.     Defendants deny the allegations contained in paragraph 134 of the Amended Complaint.

133.    Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

134.    Paragraph 136 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 136 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

135.    Paragraph 137 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 137 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

136.    Paragraph 138 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 138 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

137.    Paragraph 139 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 139 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

138.    Defendants deny the allegations contained in paragraph 140 of the Amended Complaint.

139.    Defendants deny the allegations contained in paragraph 141 of the Amended Complaint.

140.    Defendants deny the allegations contained in paragraph 142 of the Amended Complaint.

141.    Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.

142.    Defendants deny the allegations contained in paragraph 144 of the Amended Complaint.

143.    Defendants deny the allegations contained in paragraph 145 of the Amended Complaint.

144.    Defendants deny the allegations contained in paragraph 146 of the Amended Complaint.

145.    Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

146.    Defendants deny the allegations contained in paragraph 148 of the Amended Complaint.

147.    Paragraph 149 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 149 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

148.    Defendants deny the allegations contained in paragraph 150 of the Amended Complaint.

149.    Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

150.    Paragraph 152 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 152 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

151.    Paragraph 153 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 153 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

152.    Defendants deny the allegations contained in paragraph 154 of the Amended Complaint.

153.    Defendants deny the allegations contained in paragraph 155 of the Amended Complaint.

154.    Defendants deny the allegations contained in paragraph 156 of the Amended Complaint.

155.    Paragraph 157 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 157 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

156.    Paragraph 158 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 158 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

157.    Defendants admit the allegation in paragraph 159 of the Amended Complaint.

158.    Defendants deny the allegations contained in paragraph 161 of the Amended Complaint.

159.    Defendants deny the allegations contained in paragraph 160 of the Amended Complaint but admit that no specific date was alleged in the Counterclaims??????.

160.    Defendants deny the allegations contained in paragraph 163 of the Amended Complaint.

161.    Defendants deny the allegations contained in paragraph 164 of the Amended Complaint.

FIRST CAUSE OF ACTION

162.    Defendants deny the allegations contained in paragraph 165 of the Amended Complaint.

163.    Paragraph 165 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 165 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

164.    Paragraph 166 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 166 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

165.    Paragraph 167 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 167 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

166.    Paragraph 168 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 168 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

167.    Defendants deny the allegations contained in paragraph 169 of the Amended Complaint.

168.    Defendants deny the allegations contained in paragraph 170 of the Amended Complaint.

169.    Defendants deny the allegations contained in paragraph 171 of the Amended Complaint.

**SECOND CAUSE OF ACTION**

170.    Defendants deny the allegations contained in paragraph 172 of the Amended Complaint.

171.    Paragraph 173 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 173 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

172.    Paragraph 174 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 174 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

173.    Paragraph 175 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 175 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

174.    Paragraph 176 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 176 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

175.    Defendants deny the allegations contained in paragraph 177 of the Amended Complaint.

176.    Defendants deny the allegations contained in paragraph 178 of the Amended Complaint.

177.    Defendants deny the allegations contained in paragraph 179 of the Amended Complaint.

### THIRD CAUSE OF ACTION

178.    Defendants deny the allegations contained in paragraph 180 of the Amended Complaint.

179.    Paragraph 181 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 181 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

180.    Paragraph 182 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 182 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

181.    Defendants deny the allegations contained in paragraph 183 of the Amended Complaint.

182.    Defendants deny the allegations contained in paragraph 184 of the Amended Complaint.

183.    Defendants deny the allegations contained in paragraph 185 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

184.    Defendants deny the allegations contained in paragraph 186 of the Amended Complaint.

185.    Paragraph 187 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 187 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

186.    Paragraph 188 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 188 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

187.    Paragraph 189 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 189 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

188.    Defendants deny the allegations contained in paragraph 190 of the Amended Complaint.

189.    Defendants deny the allegations contained in paragraph 191 of the Amended Complaint.

190.    Defendants deny the allegations contained in paragraph 192 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

191.    Defendants deny the allegations contained in paragraph 193 of the Amended Complaint.

192.    Defendants deny the allegations contained in paragraph 194 of the Amended Complaint.

193.    Paragraph 195 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 195 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

194.    Paragraph 196 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 196 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

195.    Defendants deny the allegations contained in paragraph 197 of the Amended Complaint.

196.    Defendants deny the allegations contained in paragraph 198 of the Amended Complaint.

197.    Defendants deny the allegations contained in paragraph 199 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

198.    Defendants deny the allegations contained in paragraph 200 of the Amended Complaint.

199.    Paragraph 201 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 201 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

200.    Paragraph 202 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 202 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

201.    Paragraph 203 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 203 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

202.    Defendants deny the allegations contained in paragraph 204 of the Amended Complaint.

203.    Defendants deny the allegations contained in paragraph 205 of the Amended Complaint.

204.    Defendants deny the allegations contained in paragraph 206 of the Amended Complaint.

## SEVENTH CAUSE OF ACTION

205.    Defendants deny the allegations contained in paragraph 207 of the Amended Complaint.

206.    Paragraph 208 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 208 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

207.    Defendants deny the allegations contained in paragraph 209 of the Amended Complaint.

208.    Defendants deny the allegations contained in paragraph 210 of the Amended Complaint.

209.    Paragraph 211 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 211 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## EIGHTH CAUSE OF ACTION

210.    Defendants deny the allegations contained in paragraph 212 of the Complaint.

211.    Paragraph 213 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 213 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

212.    Defendants deny the allegations contained in paragraph 214 of the Complaint.

213.    Defendants deny the allegations contained in paragraph 215 of the Complaint.

214.    Paragraph 216 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 216 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## NINTH CAUSE OF ACTION

215.    Defendants deny the allegations contained in paragraph 217 of the Amended Complaint.

216.    Paragraph 218 of the Amended Complaint purports to set forth legal conclusions to which no response is required. To the extent that Paragraph 218 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## TENTH CAUSE OF ACTION

217.   Defendants deny the allegations contained in paragraph 219 of the Amended Complaint.

218.   Paragraph 220 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 220 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## ELEVENTH CAUSE OF ACTION

219.   Defendants deny the allegations contained in paragraph 221 of the Amended Complaint.

220.   Paragraph 222 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 222 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## TWELTH CAUSE OF ACTION

221.   Defendants deny the allegations contained in paragraph 223 of the Amended Complaint.

222.   Defendants deny the allegations contained in paragraph 224 of the Amended Complaint.

223.   Defendants deny the allegations contained in paragraph 225 of the Amended Complaint.

## THIRTEENTH CAUSE OF ACTION

224.   Defendants deny the allegations contained in paragraph 226 of the Amended Complaint.

225.   Defendants deny the allegations contained in paragraph 227 of the Amended Complaint.

226.   Paragraph 228 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 228 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

227.   Defendants deny the allegations contained in paragraph 229 of the Amended Complaint.

## FOURTEENTH CAUSE OF ACTION

228.   Defendants deny the allegations contained in paragraph 230 of the Amended Complaint.

229.    Defendants deny the allegations contained in paragraph 231 of the Amended Complaint.

230.    Paragraph 232 of the Amended Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 232 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

231.    Defendants deny the allegations contained in paragraph 233 of the Amended Complaint

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

232.    The allegations of the Amended Complaint fail to properly state a cause of action upon which the requested relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

233.    Plaintiffs' have been paid all monies due and owing to them.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

234.    The relief requested and the sums specified are excessive, unjust, or unlawful.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

235.    To the extent that Plaintiffs suffered any loss, such loss proximately resulted from their own independent mishandling of their affairs and any purported damage caused was wholly unrelated to any obligation of Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

236.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

237.    Although Defendants deny that they owe unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs fail to establish a willful violation of FLSA. Also, Plaintiffs cannot rely on a three-year Statute of Limitations, thus any such claims are barred by the Statute of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

238.    Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

239.    Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs are not entitled to liquidated damages because Defendants actions was in good faith.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

240.    Plaintiffs are not entitled to liquidated damages pursuant to New York Labor Law and/or the FLSA because at all times Defendants acted in good faith and had reasonable grounds for believing that its acts and/or omissions were not a violation of New York Labor Law and/or the FLSA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

241.    Defendants actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with New York Labor Law and/or the FLSA.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

242.    This action is barred, in whole or in part, as to any claim for hours allegedly worked by Plaintiffs that were not reported to Defendants and Plaintiffs all worked under their own time table and schedule on a commission basis.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

243.   This action is barred, in whole or in part, as to all hours allegedly worked by Plaintiffs of which Defendants lacked actual or constructive knowledge.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

244.   Defendants were not Plaintiffs' employer under the FLSA or New York Labor Law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

245.   Plaintiffs have failed to establish that they worked overtime, were entitled to minimum wages or other compensation, and Plaintiffs were exempt from any such payments.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

246.   Plaintiffs' Amended Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable to this action.  Therefore, to the extent permitted under Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

247.   That as a result of Plaintiffs' actions and conduct it has unclean hands and is not entitled to any relief.

### AS AND FOR A FIRST COUNTERCLAIM

248.   Defendants repeat, reiterate and reallege each and allegation as contained in paragraphs 232 through 247 of the Affirmative Defenses and Counterclaims as if the same were more fully set forth herein at length.

249.   Defendant CIS had numerous written contracts to service its clients who were in need of staffing and recruiting.

250.    That each one of these contracts constituted an asset belonging to Defendant CIS.

251.    Plaintiffs were aware of the written contracts with Defendant CIS's clients since the Plaintiffs were the individuals who serviced the accounts on behalf of Defendant CIS on a commission basis with a substantial part of the compensation being due to Defendant CIS.

252.    Plaintiffs in fact serviced these contracts/clients, and acted as recruiters for the various companies.

253.    That Defendant CIS was in the process of selling its assets to certain individuals by the name of Kelly and Hartley.

254.    Plaintiffs intentionally and without the knowledge or consent of Defendant CIS unlawfully interfered with the said Defendant CIS's contracts/clients and thus were able to take over and service these clients without having to share the fee with Defendant CIS.

255.    Plaintiffs conspired with each other and with a company by the name of Career Path Group to service Defendant CIS' clients/contracts (as employees of Career Path Group) and to exclude payment to Defendant CIS.

256.    The actions taken by Plaintiffs were in breach of oral agreements between Plaintiffs and Defendant CIS. As a result of Plaintiffs' direct relationship and interference with Defendant CIS' contracts, it has suffered damages.

257.    The actions taken by Plaintiffs were also in breach of the written agreements had between Plaintiffs and Defendant CIS. As a result of Plaintiffs' direct relationship and interference with Defendant CIS's clients, Plaintiffs each earned commissions directly from Defendant CIS's clients and it has thus suffered and will continue to suffer damages.

258.    As a result of the above, Plaintiff has been damaged in an amount to be determined by the Court.

## AS AND FOR A SECOND COUNTERCLAIM

259.    Defendants repeat, reiterate and reallege each and allegation as contained in paragraphs 232 through 258 of the Affirmative Defenses and Counterclaims as if the same were more fully set forth herein at length.

260.    That several of the individually named Plaintiffs were able to and did divert payments from Defendant CIS's contracts/clients that were due to Defendant CIS to themselves.

261.    That therefore, Defendant CIS has suffered damages to the extent determined by the Court and Plaintiffs are thus not entitled to any further sums claimed due.

262.    As a result of the above, Plaintiff has been damaged in an amount to be determined by the Court.

## AS AND FOR A THIRD COUNTERCLAIM

263.    Defendants repeat, reiterate and reallege each and allegation as contained in paragraphs 232 through 258 of the Affirmative Defenses and Counterclaims as if the same were more fully set forth herein at length.

264.    That Defendant CIS' contracts constituted a valuable asset which it was in the process of selling.

265.    That as a result of Plaintiffs' interference, breach of contract, and tortious conduct, Defendant CIS lost its ability to sell its assets.

266.    That therefore Defendant CIS is entitled to damages in an amount to be determined by the Court.

267.    As a result of the above, Plaintiff has been damaged in the amount to be determined by the Court.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint together with costs and disbursements of this action.

Dated:      Jericho, New York
           September 17, 2015

                                    Bernard M. Vogel, Esq.
                                      Vogel & Associates, P.C.
                                      Attorneys for Defendants
                                      500 North Broadway, Suite 140
                                      Jericho, New York 11753
                                      (516) 877-7300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MATTHEW BELARDINELLI, NORMAN DYMBORT,
AMY BERWALD GASPARI, JEANINE FENTON,          Case No. 1:15-cv-04935
ARTHUR KRAKOWSKI, LESLIE LINSNER,
CHARESE MCNEILL, and STEVEN SPECTOR,

                                              AFFIDAVIT OF SERVICE

                              Plaintiffs,

            -against-


CONCEPTS IN STAFFING, INC., ARTHUR ABRAMS,
and MONA ABRAMS,

                              Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK      )
                              ss.:
COUNTY OF NASSAU       )


            Joan Genova, being duly sworn deposes and says that:

            I am not a party to this action; I am over 18 years of age and reside in Nassau County,
New York.

            On September _18_, 2015, I served the within Answer to Amended Complaint, by
depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official
depository under the exclusive care and custody of the United States Postal Service within the
State of New York via regular mail and certified mail, return receipt requested upon the
following:

            Tannenbaum Helpern Syracuse & Hirschtritt LLP
            Joel A. Klarreich, Esq.
            Attorneys for Plaintiffs
            900 Third Avenue
            New York, New York 10022


                                              _____
                                              JOAN GENOVA

Sworn to before me this
_18_ day of September, 2015

_____

                              DAVID NEVINS
                    Notary Public, State of New York
                              No. 02NE6050097
                        Qualified in Nassau County
                    Commission Expires 10/30/20_18_

Notary Public
Case No. 1:15-cv-04935
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW BELARDINELLI, NORMAN DYMBORT,
AMY BERWALD GASPARI, JEANINE FENTON,
ARTHUR KRAKOWSKI, LESLIE LINSNER,
CHARESE MCNEILL, and STEVEN SPECTOR,

                              Plaintiffs,

        -against-

CONCEPTS IN STAFFING, INC., ARTHUR ABRAMS,
and MONA ABRAMS,

                              Defendants.

ANSWER TO AMENDED COMPLAINT

VOGEL & ASSOCIATES, P.C.
Attorneys for Defendants
500 North Broadway, Suite 140
Jericho, New York 11753
(516) 877-7300

PLEASE TAKE NOTICE
_____ that the within is a true copy of an
        entered in the office of the clerk of the within named Court on
_____ that an Order of which the within is a true copy will be presented for settlement to the
Hon.
        one of the Judges of the within named Court on

                                            Signature (Rule 130-1.1-a)
Section 130-1.1 Statement

By signing of the within document the above attorney certifies that to the best of the said attorney's knowledge,
information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this
document or the contentions therein are not frivolous as defined in subsection (c) of Section 130.1 .1 of the Rules of
the Chief Administrator (22NYCRR).