Execution Version

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into by and among Matthew Belardinelli, Norman Dymbort, Amy Berwald Gaspari, Jeanine Fenton, Arthur Krakowski, Leslie Linsner, Charese McNeill, and Steven Spector (collectively, "Plaintiffs"), on the one hand, and Concepts in Staffing, Inc., Arthur Abrams, and Mona Abrams (collectively, "Defendants"), on the other hand.

## RECITALS

**WHEREAS**, Plaintiffs have alleged that they were previously employed by the Defendants;

**WHEREAS**, Plaintiffs have alleged, *inter alia*, that the Defendants failed to pay certain earned commissions, overtime, minimum, and spread of hours wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"), that the Defendants breached the Plaintiffs' respective compensation contracts, and that the Defendants failed to provide certain wage notices and statements and maintain proper payroll records as required by the FLSA and NYLL;

**WHEREAS**, based on such allegations, on or about June 24, 2015, Plaintiffs commenced an action (the "Action") by filing a complaint (the "Complaint") in the United States District Court for the Southern District of New York, captioned *Matthew Belardinelli, Norman Dymbort, Amy Berwald Gaspari, Jeanine Fenton, Arthur Krakowski, Leslie Linsner, Charese McNeill, and Steven Spector v. Concepts in Staffing, Inc., Arthur Abrams, and Mona Abrams*, Case No. 15 Civ. 4935 (KBF) against the Defendants;

**WHEREAS**, on or about July 31, 2015, Defendants filed their answer (the "Answer") to the Complaint, which contained various counterclaims (the "Counterclaims") against the Plaintiffs;

**WHEREAS**, on or about August 21, 2015, Plaintiffs filed an amended complaint (the "Amended Complaint") in order to plead causes of action for retaliation under the FLSA and NYLL;

**WHEREAS**, the Plaintiffs and Defendants denied and continue to deny the material allegations asserted in the Answer and the Amended Complaint, respectively, and the parties further deny that they have violated any law, rule or regulation or committed any wrong whatsoever against, or is liable in any way to each other;

**WHEREAS**, Defendants have represented to Plaintiffs and sworn that, in any event, they would be unable to satisfy any judgment against them in excess of Sixty Thousand dollars ($60,000.00) if Plaintiffs had ultimately prevailed in the Action;

Execution Version

WHEREAS, the parties hereto, through their respective counsel, have negotiated over many months to reach a settlement acceptable to the parties, which constitutes a reasonable compromise of the parties' claims and defenses, and the likelihood of recovery;

WHEREAS, the parties jointly assert that this Agreement is fair, reasonable, and adequate, particularly in light of the *bona fide* disputed issues of fact and law that may exist, the expense of litigation, and the uncertainty surrounding what relief or recovery the parties may or may not be able to obtain through further litigation.

NOW, THEREFORE, the parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. Resolution of All Matters. This Agreement finally resolves the Action, including the causes of action (the "Claims") set forth in the Plaintiffs' Amended Complaint and the Counterclaims set forth in the Defendants' Answer.

2. Settlement Payment; Dismissal.

   (a) Within ten (10) days after the parties' execution of this Agreement, Plaintiffs' counsel shall submit to the Court for review and approval a copy of this Agreement, together with an executed Stipulation of Dismissal with Prejudice in substantially the form as attached hereto as Exhibit A and an appropriate fairness explanation. In the event the Court declines to approval or otherwise rejects this Agreement it shall be void and of no force or effect.

   (b) Within thirty (30) days after the Court's approval of this Agreement, the Defendants shall deliver to the Plaintiffs' counsel, Tannenbaum Helpern Syracuse Hirschtritt LLP, 900 Third Avenue, 13th Floor, New York, New York 10022, Attn: Jason B. Klimpl, Esq., a total amount of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount"), which shall be allocated among and paid to the Plaintiffs and their counsel through the issuance of the following separate checks:

| Payee | Checks Payable on I.R.S. Form W-2 Basis with Applicable Employee Payroll Deductions | Checks Payable on I.R.S. Form 1099-Misc. Basis without any Deductions |
|---|---|---|
| Matthew Belardinelli | $3,172.78 | $3,172.78 |
| Norman Dymbort | N/A | $8,460.75 |
| Amy Berwald Gaspari | $4,494.77 | $4,494.77 |

Execution Version

| | | |
|---|---|---|
| Jeanine Fenton | $264.40 | $264.40 |
| Arthur Krakowski | $528.80 | $528.80 |
| Leslie Linsner | $793.20 | $793.20 |
| Charese McNeill | $528.80 | $528.80 |
| Steven Spector | $4,759.17 | $4,759.17 |
| Tannenbaum Helpern Syracuse & Hirschtritt LLP, as Attorneys | N/A | $22,455.41 |

Monies paid to the Plaintiffs on an I.R.S. Form W-2 basis are attributable to allegedly unpaid wages and monies paid to the Plaintiffs on an I.R.S. Form 1099-Misc. basis are attributable to compensatory and liquidated damages allegedly sustained by the Plaintiffs.

3. <u>Representations of Defendants.</u> As a material inducement for Plaintiffs to enter into this Agreement and to accept the Settlement Amount in full resolution of the Claims, Defendants have made the affidavit and sworn statements attached hereto as <u>Exhibit B</u>. In the event that any court of competent jurisdiction finally determines that such affidavit contained any material misrepresentation: (a) the Plaintiffs' release of Defendants contained in Section 4(a) below shall be null and void and, (b) the Plaintiffs' time (statute of limitations) for brining any claims against the Defendants shall be deemed to have been tolled retroactive to date such affidavit was made; <u>provided, however,</u> that the Plaintiffs shall have no longer than one (1) year after the date of any such final court determination (or the final resolution of any appeals thereof) to commence an action on their Claims.

4. <u>Mutual Release of Claims Asserted in Action.</u>

   (a) Plaintiffs hereby forever waive, release and discharge the Defendants from any and all claims, demands, causes of action, fees, damages, liabilities, expenses, obligations, promises or agreements that have been asserted in the Complaint and Amended Complaint and the Claims therein. This waiver, release, and promise not to sue is binding on Plaintiffs and Plaintiffs' respective affiliates, heirs, trustees, estates, legal representatives, successors, and assigns.

   (b) Defendants hereby forever waive, release and discharge the Plaintiffs from any and all claims, demands, causes of action, fees, damages, liabilities, expenses, obligations, promises or agreements that have been asserted in the Answer and the Counterclaims therein. This waiver, release, and promise not to sue is binding on Defendants and their respective affiliates, heirs, trustees, estates, legal representatives, successors, and assigns.

5. <u>Non-Admission; No Violation.</u> This Agreement shall not in any way be construed as an admission by any party of any liability or any wrongful or illegal act or omission.

Execution Version

6. <u>Remedies for Breach.</u> If a court of competent jurisdiction finally determines that any party made any material misrepresentation in this Agreement (including its exhibits) or materially breached this Agreement in any way, including by bringing or maintaining any charge, claim, grievance or lawsuit contrary to this Agreement or by failing to pay the Settlement Amount, the breaching party(ies) shall pay any and all costs and expenses of the non-breaching party(ies) (including reasonable attorneys' fees) incurred: (a) in defending against any charges, claims or actions brought or maintained in breach of this Agreement, and/or (b) to otherwise enforce the terms of this Agreement, including but not limited to costs and expenses incurred in demonstrating a breach of this Agreement. The remedies described in this Section are in addition to any and all other remedies available to the parties at law, in equity, or otherwise.

7. <u>Entire Agreement; Amendment.</u> This Agreement, together with its exhibits, constitutes the entire understanding and agreement between the parties and supersedes and cancels all previous agreements and commitments, whether oral or written, in connection with the matters described herein. This Agreement may only be amended by the written agreement of the parties hereto.

8. <u>Enforcement.</u> This Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of New York without reference to conflict of law principles.

9. <u>Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. PDF and facsimile signatures shall be deemed as valid as original signatures.

*[Signature Pages Follow]*

**Execution Version**

**IN WITNESS WHEREOF**, the parties below have executed this Settlement Agreement.

_____  Date 5/12/16
MATTHEW BELARDINELLI

_____  Date _____
NORMAN DYMBORT

_____  Date _____
AMY BERWALD GASPARI

_____  Date _____
JEANINE FENTON

_____  Date _____
ARTHUR KRAKOWSKI

_____  Date _____
LESLIE LINSNER

_____  Date _____
CHARESE MCNEILL

_____  Date _____
STEVEN SPECTOR

_____  Date _____
ARTHUR ABRAMS

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement.

_____ Date _____
MATTHEW BELARDINELLI

_____ Date 5/12/2016
NORMAN DYMBORT

_____ Date _____
AMY BERWALD GASPARI

_____ Date _____
JEANINE FENTON

_____ Date _____
ARTHUR KRAKOWSKI

_____ Date _____
LESLIE LINSNER

_____ Date _____
CHARESE MCNEILL

_____ Date _____
STEVEN SPECTOR

_____ Date _____
ARTHUR ABRAMS

**Execution Version**

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement.

_____  Date _____
MATTHEW BELARDINELLI


_____  Date _____
NORMAN DYMBORT


_____  Date 5/13/16
AMY BERWALD GASPARI


_____  Date _____
JEANINE FENTON


_____  Date _____
ARTHUR KRAKOWSKI


_____  Date _____
LESLIE LINSNER


_____  Date _____
CHARESE MCNEILL


_____  Date _____
STEVEN SPECTOR


_____  Date _____
ARTHUR ABRAMS

Execution Version

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement.

_____ Date _____
MATTHEW BELARDINELLI


_____ Date _____
NORMAN DYMBORT


_____ Date _____
AMY BERWALD GASPARI


_____*[signature]*_____ Date 5/13/16
JEANINE FENTON


_____ Date _____
ARTHUR KRAKOWSKI


_____ Date _____
LESLIE LINSNER


_____ Date _____
CHARESE MCNEILL


_____ Date _____
STEVEN SPECTOR


_____ Date _____
ARTHUR ABRAMS

Execution Version

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement.

_____ Date _____
MATTHEW BELARDINELLI


_____ Date _____
NORMAN DYMBORT


_____ Date _____
AMY BERWALD GASPARI


_____ Date _____
JEANINE FENTON


*[signature]* Date 5/12/2016
ARTHUR KRAKOWSKI


_____ Date _____
LESLIE LINSNER


_____ Date _____
CHARESE MCNEILL


_____ Date _____
STEVEN SPECTOR


_____ Date _____
ARTHUR ABRAMS

**IN WITNESS WHEREOF**, the parties below have executed this Settlement Agreement.

_____ Date _____
MATTHEW BELARDINELLI

_____ Date _____
NORMAN DYMBORT

_____ Date _____
AMY BERWALD GASPARI

_____ Date _____
JEANINE FENTON

_____ Date _____
ARTHUR KRAKOWSKI

*/s/ Leslie Linsner*   Date 5/12/2016
LESLIE LINSNER

_____ Date _____
CHARESE MCNEILL

_____ Date _____
STEVEN SPECTOR

_____ Date _____
ARTHUR ABRAMS

**IN WITNESS WHEREOF**, the parties below have executed this Settlement Agreement.

_____ Date _____
MATTHEW BELARDINELLI

_____ Date _____
NORMAN DYMBORT

_____ Date _____
AMY BERWALD GASPARI

_____ Date _____
JEANINE FENTON

_____ Date _____
ARTHUR KRAKOWSKI

_____ Date _____
LESLIE LINSNER

*/s/ Charese McNeill*     Date 5/13/2016
CHARESE MCNEILL

_____ Date _____
STEVEN SPECTOR

_____ Date _____
ARTHUR ABRAMS

Execution Version

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement.

_____ Date _____
MATTHEW BELARDINELLI

_____ Date _____
NORMAN DYMBORT

_____ Date _____
AMY BERWALD GASPARI

_____ Date _____
JEANINE FENTON

_____ Date _____
ARTHUR KRAKOWSKI

_____ Date _____
LESLIE LINSNER

_____ Date _____
CHARESE MCNEILL

*[signature]* Date 5/12/16
STEVEN SPECTOR

_____ Date _____
ARTHUR ABRAMS

Execution Version

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement.

_____  Date _____
MATTHEW BELARDINELLI


_____  Date _____
NORMAN DYMBORT


_____  Date _____
AMY BERWALD GASPARI


_____  Date _____
JEANINE FENTON


_____  Date _____
ARTHUR KRAKOWSKI


_____  Date _____
LESLIE LINSNER


_____  Date _____
CHARESE MCNEILL


_____  Date _____
STEVEN SPECTOR


*/s/ Arthur Abrams*  Date 5/20/16
ARTHUR ABRAMS

_____  Date 5-20-16
MONA ABRAMS

CONCEPTS IN STAFFING, INC.

By: _____
Name: ARTHUR ABRAMS
Title: PRESIDENT
Date: 5/20/16

## EXHIBIT A

[*STIPULATION OF DISMISSAL WITH PREJUDICE*]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELARDINELLI ET AL., | Case No. 15 Civ. 4935 (KBF) |
| Plaintiffs, | **[*PROPOSED*] STIPULATION OF DISMISSAL WITH PREJUDICE** |
| -against- | |
| CONCEPTS IN STAFFING, INC., | |
| Defendants. | |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for the parties in the above-captioned action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is, dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Each party shall bear their or its own costs and attorneys' fees.

_____
Jason B. Klimpl, Esq.
Tannenbaum Helpern
 Syracuse & Hirschtritt LLP
900 Third Avenue, 13th Floor
New York, NY 10022
klimpl@thsh.com
*Attorneys for Plaintiffs*

Dated: 5/20/16

_____
David C. Nevins, Esq.
Vogel & Associates, P.C.
500 North Broadway, Suite 140
Jericho, New York 11753
svalaw@optonline.net

*Attorneys for Defendants*

Dated: 5/20/16

**SO ORDERED**: _____
HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

## **EXHIBIT B**

[*DEFENDANTS' AFFIDAVIT OF INABILITY TO PAY*]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
MATTHEW BELARDINELLI, *et al.*,                                    :   Case No.: 15-cv-4935 (KBF)
                                                                   :
                              Plaintiffs,                          :   **AFFIDAVIT IN SUPPORT OF**
                                                                   :   **SETTLEMENT AGREEMENT**
        - against -                                                :
                                                                   :
CONCEPTS IN STAFFING, INC., *et al.*,                              :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

**Arthur Abrams** and **Mona Abrams**, being duly sworn, depose and say:

1. We are individual defendants in the instant matter, *Belardinelli et al. v. Concepts in Staffing, Inc. et al.*, Case No. 15-cv-4935 (KBF), that is currently pending in the Southern District of New York (the "Action").

2. Concepts in Staffing, Inc. ("CIS") is also a defendant in the Action. Together with CIS, we are, collectively, the "Defendants."

3. We make this affidavit in order to induce Matthew Belardinelli, Norman Dymbort, Amy Berwald Gaspari, Jeanine Fenton, Arthur Krakowski, Leslie Linsner, Charese McNeill, and Steven Spector (collectively, "Plaintiffs") to enter into a settlement agreement to discontinue the Action and to receive as compensation therefor an amount that is less than Plaintiffs allege they are owed from the Defendants.

4. Each Defendant separately does not, and all the Defendants collectively do not, directly or indirectly, whether personally or in trust, own or have a beneficial interest in, or have possession or control of, Net Non-Exempt Assets (as defined below) in excess of $60,000.

5. As used in this affidavit, "Net Non-Exempt Assets" means the amount by which the fair value of assets (including, without limitation, cash, securities, investments, real estate, property, receivables, supplies, prepaid expenses, etc., but excluding the fair value of qualified individual retirement accounts exempted pursuant to Section 5205(c) of the New York Civil Practice Law and Rules) exceeds liabilities (including, without limitation, loans, accounts payable, debts, mortgages, liens, taxes payable, and judgments, etc.).

6. Defendant Mona Abrams is the owner the premises located at 110 Dove Hill Drive, Manhasset, New York 11030 which has two mortgages against the premises, both of which are in default and being foreclosed.

7. Defendants' collective total income, from all sources, for 2015 was $41,575.20.

8. Defendants' collective total income, from all sources, is $3,464.60 per month as of the date of this affidavit.

9. Each Defendant, and all the Defendants collectively, have no means or prospects whatsoever to satisfy their liabilities to Plaintiffs beyond a payment of $60,000.00.

_____
ARTHUR ABRAMS

_____
MONA ABRAMS

Sworn to before me this
17 day of March, 2016

_____
Notary Public

DAVID NEVINS
Notary Public, State of New York
No. 02NE6050097
Qualified in Nassau County
Commission Expires 10/30/2018

[1025964-3]